NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLANCA EDUVINA ESTRADA-CONTRERAS; DAYANA ELISA CANIZALEZ-ESTRADA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72754 <br><br> Agency Nos. A208-984-665 <br> A208-984-669 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Blanca Eduvina Estrada-Contreras and her daughter, Dayana Elisa

Canizalez-Estrada, natives and citizens of El Salvador, petition pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that petitioners' proposed particular social group is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Petitioners' contention that the agency erred in its legal analysis or ignored evidence fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (reviewing de novo claims of due process violations

19-72754

in immigration proceedings).  Thus, petitioners' claim for asylum and withholding of removal fail.

Substantial evidence supports the agency's denial of CAT relief because Estrada-Contreras failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We lack jurisdiction to consider petitioners' contention that the IJ failed to advise Canizalez-Estrada of her potential eligibility for Special Immigrant Juvenile status.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**